# CITATION

*AHMAD ALKURD, ET ALS*

*VERSUS*

*AMERICAN SUGAR REFINING, INC.*

*Case:* **#21-1184**
*Division: A*

*34th Judicial District Court*
*Parish of St. Bernard*
*State of Louisiana*

*TO:  AMERICAN SUGAR REFINING, INC.*
*THROUGH ITS AGENT FOR SERVICE OF PROCESS:*
*CORPORATE CREATIONS NETWORK, INC.*
*1070-B WEST CAUSEWAY APPROACH*
*MANDEVILLE, LA 70471*

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES, ETC.** The petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1101 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 14TH DAY OF SEPTEMBER, 2021.

HMH/AHMAD

RANDY S. NUNEZ
Clerk of Court
Parish of St. Bernard

By: ____ **/s/ Hailey Hiers** ____
Deputy Clerk
/S/ HAILEY HIERS

www.stbclerk.com

**DOMICILIARY**

Date Received by the Parish of St. Bernard:_____
Date Served:_____
Address Served:_____
Domiciliary Service on: _____a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same.
Service intended for:_____ a person domiciled at the above address but was absent at the time of service.

Returned Parish of St. Bernard this_____ day of _____, ____.

_____
Sheriff

**PERSONAL**

EXHIBIT A

**AHMAD ALKURD, ET ALS**
*Plaintiffs*

**VERSUS**

**AMERICAN SUGAR REFINING, INC.**
*Defendant*

FILED: ___AUG 2 5 2021___

NO. __2 1 - 1 1 8 4__ DIV. _____

**34TH JUDICIAL DISTRICT COURT**

**PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

CLERK: *Randy S. Nunez*

---

*PETITION FOR DAMAGES*

---

NOW INTO COURT, through undersigned counsel, come plaintiffs identified in Exhibit 1 who respectfully submit:

**I.**

**PARTIES**

**1.**

Made plaintiffs herein are those persons identified in Exhibit 1.

**2.**

Made defendant herein is:

(3)  **AMERICAN SUGAR REFINING, INC.**, a foreign corporation domiciled in the State of Delaware and licensed to and doing business in State of Louisiana.

**II.**

**VENUE**

**3.**

As such, the Thirty-Fourth Judicial District Court for the Parish of St. Bernard is the proper venue to bring this action under Article 74 because (1) the offense, quasi offense, and/or wrongful conduct occurred in the territorial jurisdiction of this parish; and (2) damages were sustained in the territorial jurisdiction of this parish as a result of the offense, quasi offense, and/or wrongful conduct described herein.

[ 1 / 23 ]

## III.

## JURISDICTION

### 4.

This court has original jurisdiction to hear this case under Articles 2 through 6 of the Code of Civil Procedure.

## IV.

## PRESCRIPTION

### 5.

Under Louisiana Civil Code Article 3492 this delictual action has been timely brought as it is being filed within one year of the date that the injury and/or damage was sustained.

## V.

## GENERAL ALLEGATIONS

### 6.

At all material times, each plaintiff identified in Exhibit 1 was present and/or residing at the corresponding addressed identified therein.

### 7.

At all material times, defendant American Sugar Refining, Inc. owned and operated a sugar refinery located at 7417 N. Peters Rd. in Arabi, Louisiana, all of which is contained in the Parish of St. Bernard ("the Domino Sugar Refinery").

### 8.

On or about August 27, 2020 at approximately 4:00 o'clock p.m., a massive fire occurred at one of the silos at the Domino Sugar Refinery which released harmful and hazardous substances throughout the area.

### 9.

As a result of the fire, each of the plaintiffs named herein was disturbed and inconvenienced as a result of the fire, shelter-in-place order, and/or harmful release of chemicals.

# VI.

## COUNT I:

## DAMAGES

## 10.

The Louisiana Code of Civil Procedure provides in relevant part:

### Art. 2315. Liability for acts causing damages

A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.

### Art. 2316. Negligence, imprudence or want of skill

Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

### Art. 2317. Acts of others and of things in custody

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

### Art. 2317.1. Damage caused by ruin, vice, or defect in things

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

## 11.

Upon information and belief, the accident described herein was caused through the fault of defendant AMERICAN SUGAR REFINING, INC. in the following non-exclusive particulars:

(1) By failing to conduct its operations in a safe and prudent manner so as to prevent fires and emissions that would endanger the surrounding communities;

(2) By allowing a hazardous situation to exist in its refinery where highly volatile compounds could escape and come into contact with flammable materials inside the refinery;

(3) By failing to follow established safety and operation procedures to prevent fires and emissions;

(4) By demonstrating a lack of prudence or skill in preventing injury to the legally protected interests of the surrounding community;

(5) By failing to property store and/or dispose of hazardous materials;

(6) By creating a public health hazard by subjecting petitioners to an invasion of their rights to be secure in their persons and property;

(7) By failing to warn the surrounding community of the public dangers presented by the operations at the refinery;

(8) By hiring employees or contractors who lacked the requisite skill and prudence necessary to perform services and operations at the refinery in a safe and prudent manner;

(9) By failing to erect safe and sufficient barriers or other such devices at the refinery to reduce the potential dangers of fires and harmful emissions and their resulting damages to the surrounding community;

(10)   By failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operation of the procedures being employed at the time of the

accident described herein; and

(11)    Other acts of negligence to be proven at the trial of this matter.

### 12.

Courts have summarized the doctrine of *res ipsa loquitur* as follows:

> Res ipsa loquitur is "a rule of circumstantial evidence whereby negligence is inferred on the part of the defendant because the facts indicate that the defendant's negligence is the most probable cause of the injury." *Maddox v. Howard Hughes Corp.*, 19-0135, p. 9 (La.App. 4 Cir. 04/17/2019), 268 So.3d 333, 340; Jordan v. Community Care Hospital, 2019-0039 (La.App. 4 Cir. 07/24/2019), 276 So.3d 564.  To invoke the doctrine, a plaintiff must satisfy all of the following three requirements:
>
> 1. the circumstances surrounding the accident are so unusual that, in the absence of pertinent evidence, there is an inference of negligence on the part of the defendant;
>
> 2. the defendant had exclusive control over the thing causing the injury; and
>
> 3. the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on defendant's part.
>
> *Maddox v. Howard Hughes Corp.*, 19-0135, p. 9 (La.App. 4 Cir. 04/17/2019), 268 So.3d 333, 340.  See also, *Spott v. Otis Elevator Co.*, 601 So.2d 1366 (La. 1992).

### 13.

Petitioners specifically invoke and plead the doctrine of *res ipsa loquitur* in the instant case.

### 14.

As a result of the fire at the Domino Sugar Refinery described herein, petitioners have suffered emotional damages, including, but not limited to fear, fright, anxiety, emotional distress, as well as inconvenience and frustration.

### VII.

### COUNT II:

### NUISSANCE

### 15.

In *Inabet v. Exxon Corp.*, 93-0681 (La. 09/06/1994), 642 So.2d 1243, the Louisiana

Supreme Court has summarized the doctrine of *nuissance* as follows:

> Article 667 prohibits uses which cause damage to neighbors or deprive them of the enjoyment of their property, while Article 668 permits uses which merely cause neighbors some inconvenience. Id. at § 34. Article 669 allows suppression of certain inconveniences, if excessive under local ordinances and customs, and requires tolerance of lesser inconveniences. Together, the three articles establish the following principles: No one may use his property so as to cause damage to another or to interfere substantially with the enjoyment of another's property (Article 667). Landowners must necessarily be exposed to some **11 inconveniences arising from the normal exercise of the right of ownership by a neighbor (Article 668). Excessive inconveniences caused by the emission of industrial smoke, odors, noise, dust, vapors and the like need not be tolerated in the absence of a conventional servitude; whether an inconvenience is excessive or not is to be determined in the light of local ordinances and customs (Article 669). Id. At § 34.

> Articles 667–669, while setting standards of responsibility for a landowner to his neighbors, do not purport to impose delictual liability for violation of the standards and do not specify whether responsibility is founded on negligence, intentional misconduct, or abuse of right. However, judicial decisions have clarified that conduct by a proprietor violative of Articles 667–669 may give rise to delictual liability, without negligence, as a species of fault within the meaning of La.Civ.Code art. 2315. See, e.g., Chaney v. Travelers Ins. Co., 259 La. 1, 249 So.2d 181 (1971) (holding that a landowner was liable for damage to a neighbor caused by use of heavy equipment in canal improvements, although the work was done prudently by usual standards).

> The concept has emerged that Article 2315 establishes delictual responsibility for injury to others through "fault," a term encompassing more than negligence or other blameworthy conduct and including violations of standards of conduct set out in the Civil Code and the statutes to govern the responsibility of persons in certain relationships and arising from certain activities. See, e.g., *Langlois v. Allied Chem. Corp.*, 258 La. 1067, 249 So.2d 133 (1971) (imposing delictual liability under Article 2315 for fault as analogized from the conduct required by Article 669, when gas escaped from a ruptured pipe which, without regard to negligence, caused damages). The courts have referred to Articles 667–669 to determine the conduct which constitutes "fault" under Article 2315 in the context of neighboring proprietors. See *State of La., Through Dept. of Transp. And Dev. v. Chambers Inv. Co.*, 595 So.2d 598 (La.1992) (holding that a property owner could not recover **12 from an expropriating authority the damages related to the delayed development of the

property because there was no evidence of physical damage or injury to the property and no evidence of ultrahazardous activity or excessive or abusive conduct which exceeded the level of inconvenience which a neighbor must tolerate under Article 668).

### 16.

As a result of the fire at the Domino Sugar Refinery described herein, petitioners have suffered emotional damages, including, but not limited to fear, fright, anxiety, emotional distress, as well as inconvenience and frustration and property damage.

### IX.

### PRAYER FOR RELIEF

### 17

WHEREFORE, plaintiffs respectfully pray:

(1)    That a judgment be rendered in their favor and against defendant AMERICAN SUGAR REFINING, INC.;

(2)    Judicial interest;

(3)    All costs of court; and

(4)    Any and all other general, legal, or equitable relief to which plaintiffs may be entitled.


**[ SIGNATURES ON THE FOLLOWING PAGE ]**

**LICCIARDI LAW OFFICE, L.L.C.**

LANCE V. LICCIARDI (Bar No. 26384)
1019 W. Judge Perez Dr.
Chalmette, LA  70043
Tel:  (504) 279-1000
E-mail: lance@licciardiandnunez.com

**LAW OFFICES OF DAVID C. JARRELL**
**A PROFESSIONAL LAW CORPORATION**

BY: _____
DAVID C. JARRELL (Bar No. 30907)
9101 W. St. Bernard Hwy.
Chalmette, LA 70043
Tel: (504) 598-5500
Fax: (504) 598-5501
E-mail: dcj@jarrell-lawfirm.com

AHMAD ALKURD, ET ALS          NO.               DIV.
*Plaintiffs*

VERSUS                        34TH JUDICIAL DISTRICT COURT

AMERICAN SUGAR REFINING, INC.  PARISH OF ST. BERNARD
*Defendant*                    STATE OF LOUISIANA

FILED: _____        CLERK: _____

---

## *IRREVOCABLE STIPULATION*

NOW INTO COURT, through undersigned counsel, comes each plaintiff identified in Exhibit 1 who hereby enters the following Irrevocable Stipulation in the above-captioned matter:

1.

Each plaintiff identified in Exhibit 1 stipulates that the alleged damages of each individual plaintiff identified Exhibit 1 does not exceed $75,000.00, exclusive of interest and costs, the specific amount of damages necessary to invoke diversity jurisdiction.

2.

Each plaintiff identified in Exhibit 1, nor their attorney(s), will accept an amount that exceeds $75,000, exclusive of interest and costs, from any court of any jurisdiction for each plaintiff identified in Exhibit 1.

3.

Each plaintiff identified in Exhibit 1, and their attorney(s) renounce any portion of any judgment rendered by any court of any jurisdiction and in his favor against any defendant(s) in this matter, which is in excess of $75,000.00, exclusive of interest and costs.

4.

None of the plaintiffs identified in Exhibit 1, nor their attorney(s) will amend her petition to plead an amount in excess of $75,000.00, exclusive of interest and costs.

[ 9 / 23 ]

**5.**

None of the plaintiffs identified in Exhibit 1, nor their attorney(s) will authorize anyone on their behalf or their future heirs or assigns to make such an amendment.

**6.**

Judgment shall not be rendered herein in favor of each of plaintiffs identified in Exhibit 1, or in any other court of any jurisdiction, in excess of $75,000.00, exclusive of interest and costs.

**7.**

Each plaintiff identified in Exhibit 1, and their attorney(s) will not seek to enforce any judgment that may be awarded in excess of $75,000.00, exclusive of interest and costs.

**8.**

This irrevocable stipulation shall apply to any and all potential claims, demands, damages, costs, expenses, loss of services, actions and causes of action, belonging to me, arising out of any act or occurrence up to the present time, including but not limited to all personal injury, disability, property damage, loss or damages of any kind sustained or that may hereafter be sustained by each of the plaintiffs identified in Exhibit 1, in consequence of an accident that occurred on or about August 27, 2020 in Arabi, Louisiana.

**9.**

Each plaintiff identified in Exhibit 1, and their attorney understand and agree that the recovery of each individual plaintiff identified in Exhibit 1 is and hereafter shall be limited to an amount less than $75,000.00, exclusive of interest and costs.

**10.**

In order to resolve any doubt or ambiguity as to the meaning and intent of the language set forth in the Petition for Damages, each individual plaintiff identified in Exhibit 1, and their attorney declare it is their intent to waive, relinquish and/or renounce

[ 10 / 23 ]

our entitlement to any damages to each individual plaintiff identified in Exhibit 1, exclusive of interest and costs, in excess of $75,000.00.

11.

Each plaintiff identified in Exhibit 1 herein further stipulates that the aggregate amount of all of the claims identified herein **does not** exceed $5,000,000.00, exclusive of interest and costs.

12.

Each plaintiff identified in Exhibit 1 herein further alleges and stipulates that the instant civil action **does not** include a claim for monetary relief claims of 100 or more persons.

13.

All plaintiffs herein further allege and stipulate that the instant civil action arise from an event or occurrence in the State in which this action has been filed and that the injuries resulting from said event occurred only in the State in which this action has been filed.

14.

Each plaintiff identified in Exhibit 1 stipulates that the alleged damages of each individual plaintiff identified Exhibit 1 does not exceed $50,000.00, exclusive of interest and costs, the specific amount of damages necessary for demanding a trial by jury.

15.

Each plaintiff identified in Exhibit 1 stipulates that the alleged damages of each individual plaintiff identified Exhibit 1 does not exceed $5,000.00, exclusive of interest and costs, the specific amount of damages necessary for invoking the concurrent jurisdiction with justice of the peace courts.

LICCIARDI LAW OFFICE, L.L.C.

LANCE V. LICCIARDI (Bar No. 26384)
1019 W. Judge Perez Dr.
Chalmette, LA 70043
Tel: (504) 279-1000
E-mail: lance@licciardiandnunez.com


LAW OFFICES OF DAVID C. JARRELL
A PROFESSIONAL LAW CORPORATION

BY: _____

DAVID C. JARRELL (Bar No. 30907)
9101 W. St. Bernard Hwy.
Chalmette, LA 70043
Tel: (504) 598-5500
Fax: (504) 598-5501
E-mail: dcj@jarrell-lawfirm.com

A TRUE COPY
Randy S. Nuñez
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
DEPUTY CLERK
/s/ Hailey Piers

[ 12 / 23 ]

AHMAD ALKURD, ET ALS  
*Plaintiffs*

VERSUS

AMERICAN SUGAR REFINING, INC.  
*Defendant*

FILED: ___AUG 2 5 2021___

NO. 2 1 - 1 1 8 4 DIV. A

34TH JUDICIAL DISTRICT COURT

PARISH OF ST. BERNARD

STATE OF LOUISIANA

CLERK: __/s/ Hailey Hiers__

---

*INTERROGATORIES, REQUESTS FOR PRODUCTION,*  
*and REQUESTS FOR ADMISSION*

---

NOW INTO COURT comes plaintiffs in the above-captioned proceeding who respectfully propound the following Interrogatories, Requests for Production, and Requests for Admissions upon defendant to be answered fully and adequately within the delays provided by the Louisiana Code of Civil Procedure.

**I.**

**DEFINITIONS**

Unless otherwise indicated, as used herein:

(1)   "Defendant" (or "Defendants") shall mean, AMERICAN SUGAR REFINING, INC., in any of its corporate forms, and shall also mean any of its past and present employees, agents, or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

(2)   "Document" or "Record" shall mean all written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced or reproduced, disseminated or made, in any form now or formerly in the possession, custody or control of the defendants, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilms, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions, and other writings and other magnetic, photographic, electronic, and sound recordings.

(3)   The terms "identify," "describe" or "state":

a)   When used in reference to an individual shall mean to state his full name, present or last known residence (to include street address, city, state, and zip code) and business and business address.

b)   When used in reference to a corporation, partnership, limited liability company, or any other form of business to mean to state its full name and its

principal place of business (to include street address, city, state and zip code).

c)     When used in reference to a document or file, shall mean to state the identifying nomenclature thereon, and the type of document, including the date appearing thereon, if any, the person or office from whom sent, and its present location or custodian, or, if any such document or file was, but no longer is, in your possession, custody or control, the disposition made of it. In lieu of identifying a document as required by a discovery request, it shall be deemed an acceptable response to these discovery requests to attach a legible copy of the document to the responses, and to make reference to the specific documents so attached in the appropriate response, provided that, by responding in this fashion, you agree to waive all objections to the authenticity of the copy of the document so produced;

d)     When used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place it was confected, its terms or conditions, its present location, the name and address of its custodian, and the substance of the contents thereof. If the agreement or contract has been amended, this must be stated in the above information furnished on each such amendment.

e)     When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct shall mean to set forth the date of events constituting such act, location, date or persons participating, present or involved, and the documents relating or referring in any way thereto.

f)     When used in reference to any oral communication or other communication, shall mean to state exactly what was said, where, when, by whom, and the names of each person present.

(4)     "Relating to" (or a form thereof) shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

(5)     The term "communication" shall include, but is not limited to, any telephone conversation, conversations other than telephone conversations, meetings, faxes, telegraphs, teletypes, telegrams, mailgrams, notes, correspondence and memorandums.

(6)     "Entity" shall mean any partnership, limited partnership, corporation, joint venture, sole proprietorship, association, and any and all other forms of business enterprise.

(7)     The terms "and" and "or," as used herein, in the definitions, instructions and discovery requests, shall be construed, either conjunctively or disjunctively as required by the context, to bring within the scope of the discovery requests any information which might be deemed outside its scope by another construction.

(8)     The singular forms of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of the noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so

used, and vice versa.

## II.

### INSTRUCTIONS

(1)  These discovery requests shall be deemed continuing in nature under the Louisiana Code of Civil Procedure, so as to require you to serve supplemental answers upon the attorneys of record for plaintiffs herein, if you should obtain information on the basis of which (a) you know that an answer was incorrect when made; or (b) you know that an answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend your answers is, in substance, a known concealment. Additionally, you are required to serve supplemental answers upon attorneys of record for plaintiffs herein with information obtained subsequent to your answers to this discovery with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, subject matter on which the person is expected to testify, and the substance of the person's testimony.

(2)  In your answers to these discovery requests, please repeat each discovery request set forth herein, and then set forth, in writing, the answer thereto, separately and fully. As to any discovery request that you refuse to answer, in whole or in part, for any reason, please state the grounds for your refusal to answer. Where you believe that a complete answer to a particular discovery request, or part thereof, is not possible, please answer such discovery request to the extent possible, and furnish a statement explaining the reason for your inability to answer further.

(3)  If you object or refuse to answer, in whole or in part, any discovery request propounded hereinbelow, on the grounds that it requests information that falls or may fall within the attorney-client privilege, or is protected by the work-product doctrine, or for any other reason, you must set forth, with specificity; the nature of the privilege or protection; the author and date of the document; the identity of all persons who were sent or received copies of the document; the subject matter of the document; and, a description of how the withholding party contends the alleged privilege or other protection applies.

(4)  Documents to be produced shall be organized either (1) as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the following Interrogatories and Requests for Production.

(5)  The following Requests for Admission were specifically designed with the intent not to seek impermissible legal conclusions. If an objection is raised to any of the following Requests for Admission on such basis, please respond to the Request for Admission to the extent that it does not seek a legal conclusion.

(6)  If a denial is given as a response to a Request for Admission, set forth the specific facts and reasons forming the basis of and supporting such denial.

# III.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please describe in as much possible detail how you believe the accident that forms the basis of this lawsuit occurred.

### INTERROGATORY NO. 2

Please identify any and all witnesses that you may or will call at the trial of this matter.

### INTERROGATORY NO. 3

Please identify any and all eye witnesses to the event that forms the basis of this lawsuit.

### INTERROGATORY NO. 4

Please identify any and all persons who made contact with you or with whom you made contact regarding the event that forms the basis of this lawsuit within seventy-two (72) hours after said event.

### INTERROGATORY NO. 5

Identify each and every piece of evidence that you may or will introduce at the trial of this matter.

### INTERROGATORY NO. 6

Please identify each and every claim of any kind made against you as a result of the event that forms the basis of said lawsuit. For each such claim, please:

1. Identify the claimant;
2. Describe the nature of the claim, i.e. personal injury, workers' compensation, property damage, etc.

### INTERROGATORY NO. 7

Please identify each and every settlement or compromise of any kind made between you and any other person, firm, or entity as a result of the event that forms the basis of said lawsuit. For each such claim, please:

1. Identify the claimant;

2. Describe the nature of the claim, i.e. personal injury, workers' compensation, property damage, etc.

3. State the amount of the settlement; and

4. State whether there was any geographical criteria or limitation for the settlement of any such claims.

## INTERROGATORY NO. 8

Please identify each and every person to whom you have given a statement regarding the facts and circumstances regarding this accident and state whether such statement was recorded, transcribed, or otherwise memorialized.

## INTERROGATORY NO. 9

Please identify each and every person from whom you have received a statement regarding the facts and circumstances regarding this accident; state whether such statement was recorded, transcribed, or otherwise memorialized; and identify the person, firm, or entity in possession of statement.

## INTERROGATORY NO. 10

Please identify any and all policies of liability insurance that may provide coverage for the accident that forms the basis of this lawsuit.

## INTERROGATORY NO. 11

Please identify the type and actual quantity of each and every chemical released during the event that forms the basis of this lawsuit, including the method of calculating same.

## INTERROGATORY NO. 12

Please identify each and every employee, contractor, or subcontractor on site at the time of the event that forms the basis of his lawsuit. For each such person, please state whether said person is still employed with American Sugar Refining, Inc.

## INTERROGATORY NO. 13

Please describe any criteria or limitations, geographical or otherwise, in connection with any claims settled directly with you or your insurer related to the event that forms the basis of this lawsuit.

## INTERROGATORY NO. 14

Please describe the method or criteria considered to determine any amount paid or offered with respect to any claim made or settled directly with American Sugar Refining, Inc.

## IV.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1.

Please provide a certified copy of all policies of insurance that may provide coverage for the acts complained of in the Petition.

### REQUEST FOR PRODUCTION NO. 2.

Please provide a copy of each and every document that you intend to introduce at the trial of this matter.

### REQUEST FOR PRODUCTION NO. 3.

For each claim made against you as a result of the event that forms the basis of this lawsuit, please provide a copy of all non-privileged documents generated as a result of said claim or produced to you in connection with said claim.

### REQUEST FOR PRODUCTION NO. 4.

Please provide a copy of any surveillance (of any type or kind) that you may have of any of the plaintiff(s) named in the above-captioned suit.

### REQUEST FOR PRODUCTION NO. 5.

Please provide a copy of any documents either provided to you or your insurer or provided by you or your insurer in connection with any claim asserted against you or your insurer for the accident that forms the basis of this lawsuit.

### REQUEST FOR PRODUCTION NO. 6.

Please provide a copy of any and all statements by any party or witness to the dispute that forms the basis of this lawsuit.

### REQUEST FOR PRODUCTION NO. 7.

[ 18 / 23 ]

Please provide a copy of any documents in your possession that were consulted or utilized in responding to any of the foregoing interrogatories.

### REQUEST FOR PRODUCTION NO. 8.

Please provide a copy of any photographs, videos, and/or audio recordings in your possession of any of the damage resulting from the accident that forms the basis of this lawsuit.

### REQUEST FOR PRODUCTION NO. 9.

Please provide a copy of any photographs in your possession that depicts the scene of the accident that forms the basis of this lawsuit.

### REQUEST FOR PRODUCTION NO. 10.

Please provide a copy of any and all documents related to each and every claim made against you or your insurer as a result of the August 27, 2020 fire at the Domino Sugar Refinery in Arabi, Louisiana.

### REQUEST FOR PRODUCTION NO. 11.

Please provide a copy of any and all payments made related to each and every claim made against you or your insurer as a result of the August 27, 2020 fire at the Domino Sugar Refinery in Arabi, Louisiana.

### REQUEST FOR PRODUCTION NO. 12.

Please provide a copy of any and all settlement documents related to each and every claim made against you or your insurer as a result of the August 27, 2020 fire at the Domino Sugar Refinery in Meraux, Louisiana.

### REQUEST FOR PRODUCTION NO. 13.

Please provide a copy of any and all agreements with St. Bernard Parish Government, or any other political subdivision, related to any emergency response measures involving any incident at the refinery in Arabi, Louisiana.

### REQUEST FOR PRODUCTION NO. 14.

Please provide a copy of any and all correspondence, instructions, directives, agreements, and/or memoranda issued to any of your employees following the event that forms the basis

of this lawsuit.

## REQUEST FOR PRODUCTION NO. 15.

Please provide a copy of any and all accident reports, incident reports, investigative reports, and/or preventability analyses reports, or any such similar documents, known to you to be related to the event that forms the basis of this lawsuit.

## REQUEST FOR PRODUCTION NO. 16.

Please provide a copy of any and all documents evidencing any damage, including any documents evidencing the costs to repair any such damage, resulting from the event that forms the basis of this lawsuit.

## REQUEST FOR PRODUCTION NO. 17.

Please provide a copy of any and all air, water, and/or discharge permits issued to you by the Louisiana Department of Environmental Quality, the United States Environmental Protection Agency, and/or any other such similar governmental agency.

## REQUEST FOR PRODUCTION NO. 18.

Please provide a copy of any and all correspondence between you and the Louisiana Department of Environmental Quality, the United States Environmental Protection Agency, and/or any other governmental agency related to the event that forms the basis of this lawsuit.

## REQUEST FOR PRODUCTION NO. 18.

Please provide a copy of any and all communication between you and any person who made a claim against you or with whom you reached a settlement with.

## REQUEST FOR PRODUCTION NO. 19.

Please provide a copy of any and all records which relate in any way to the information regarding the complaints and/or reports about the incident at issue from the public generally.

## REQUEST FOR PRODUCTION NO. 20.

Please provide a copy of any and all documents provided to or otherwise reviewed by any expert witness retained by you related to the event that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 21.**

Please provide a copy of any and all invoices related to any services related to any alerts or notifications to the public at large related to the event that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 22.**

Please provide a copy of the entire file from your process safety management documentation program related to the event that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 23.**

Please provide a copy of the entire file from your internal investigation by you related to the event that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 23.**

Please provide a copy of the entire employee/personel file for each employee on duty on August 27, 2020.

## V.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that you have responsive information to the Interrogatories propounded upon you in the above-captioned case that you are not providing in your responses to said Interrogatories.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that you have responsive documents to the Requests for Production propounded upon you in the above-captioned case that you are not providing in your responses to said Requests for Production.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that the facility at which the event that forms the basis of this lawsuit occurred was owned by American Sugar Refining, Inc.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that the accident that forms the basis of this lawsuit was caused solely by the fault of AMERICAN SUGAR REFINING, INC.

## REQUEST FOR ADMISSION NO. 5:

Please admit that the accident that forms the basis of this lawsuit was caused by the fault of one or more employees of AMERICAN SUGAR REFINING, INC.

## REQUEST FOR ADMISSION NO. 6:

Please admit that you did not provide any plaintiff named herein with information regarding the type or quantity of the chemicals released as a result of the event that formed the basis of this lawsuit.

### LICCIARDI LAW OFFICE, L.L.C.

LANCE V. LICCIARDI (Bar No. 26384)
1019 W. Judge Perez Dr.
Chalmette, LA 70043
Tel: (504) 279-1000
E-mail: lance@licciardiandnunez.com

### LAW OFFICES OF DAVID C. JARRELL
### A PROFESSIONAL LAW CORPORATION

BY:  _____
DAVID C. JARRELL (Bar No. 30907)
9101 W. St. Bernard Hwy.
Chalmette, LA 70043
Tel: (504) 598-5500
Fax: (504) 598-5501
E-mail: dcj@jarrell-lawfirm.com

AHMAD ALKURD, ET ALS
*Plaintiffs*

VERSUS

AMERICAN SUGAR REFINING, INC.
*Defendant*

FILED: _____ AUG 2 5 2021

NO. 2 1 - 1 1 8 4   DIV **A**
34TH JUDICIAL DISTRICT COURT

PARISH OF ST. BERNARD

STATE OF LOUISIANA

CLERK: _____ /s/ Hailey Hiers

---

*SERVICE REQUEST*

---

AMERICAN SUGAR REFINING, INC.
Through its agent for the service of process:
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, LA 70471

# Exhibit 1

| Name | Representative | Address |
|------|----------------|---------|
| Alkurd, Ahmad | | 201 Couger, Arabi Louisiana 70032 |
| Alkurd, Etaf | | 201 Couger, Arabi Louisiana 70032 |
| Alkurd, Rafat | | 201 Couger, Arabi Louisiana 70032 |
| Alkurd, Razan | | 201 Couger, Arabi Louisiana 70032 |
| Ancar, David | | 1408 Alexander Ave., Arabi Louisiana 70032 |
| Ancar, Maverick | David Ancar | 1408 Alexander Ave., Arabi Louisiana 70032 |
| Davis, Sendreeka | | 208 3Rd St., Chalmette Louisiana 70043 |
| Dawson, Aliyah | | 208 3Rd St., Chalmette Louisiana 70043 |
| Dupart, Toni K | Darrylniah Turner | 8149 W. St. Bernard Hwy., Apt. 3104, Chalmette Louisiana 70043 |
| Governale, Luca | | 109 Livingston, Arabi Louisiana 70032 |
| Governale, Jr., Luca | | 109 Livingston, Arabi Louisiana 70032 |
| Governale, Sue | | 109 Livingston, Arabi Louisiana 70032 |
| Gray, Shakira Victoria | | 105 Llama Dr, Arabi Louisiana 70032 |
| Haley, Roderick | | 629 Norton, Arabi Louisiana 70032 |
| Harris, Eddie | | 8149 W. St. Bernard Hwy., Apt. 3106, Chalmette Louisiana 70043 |
| Hidalgo, Vivian | | 321 Ocelot, Arabi Louisiana 70032 |

FILED
AUG 2 5 2021
CLERK
ST. BERNARD PARISH

## Exhibit 1

| Name | Representative | Address |
|---|---|---|
| Hurts, Kendrick | | 8149 W. St. Bernard Hwy., Apt. 3104, Chalmette Louisiana 70043 |
| Jarrell, Jr., David Christopher | Lee Ann Jarrell | 1829 Rose St., Arabi Louisiana 70032 |
| Jarrell, Sr., David Christopher | | 1829 Rose St., Arabi Louisiana 70032 |
| Jarrell, Lee Ann | | 1829 Rose St., Arabi Louisiana 70032 |
| Jarrell, Olivia Rose | Lee Ann Jarrell | 1829 Rose St., Arabi Louisiana 70032 |
| Milton, Tommie | | 613 Community St., Arabi Louisiana 70032 |
| Rhea, Taliyah | Sendrecka Davis | 208 3Rd St., Chalmette Louisiana 70043 |
| Rhea, Theophile | Sendrecka Davis | 208 3Rd St., Chalmette Louisiana 70043 |
| Sander, Journee | Chanda Sander And Robin Smith | 613 Community St., Arabi Louisiana 70032 |
| Sexton, Felicia | | 105 Llama, Arabi Louisiana 70032 |
| Smith, Angela | | 613 Community St., Arabi Louisiana 70032 |
| Smith, Danielle | | 7228 Royal St., Arabi Louisiana 70032 |
| Smith, Darron | | 7228 Royal St., Arabi Louisiana 70032 |
| Smith, Jadin | Vivian Hidalgo | 321 Ocelot, Arabi Louisiana 70032 |
| Smith, Jenn | | 7228 Royal St., Arabi Louisiana 70032 |
| Smith, Jermaine | | 321 Ocelot, Arabi Louisiana 70032 |

## Exhibit 1

| Name | Representative | Address |
| --- | --- | --- |
| Smith, Sr., Jimmie | | 105 Llama Dr., Arabi Louisiana 70032 |
| Smith, Kirk | | 613 Community St., Arabi Louisiana 70032 |
| Smith, London | Danielle Smith | 7228 Royal St., Arabi Louisiana 70032 |
| Smith, Robin | | 613 Community St., Arabi Louisiana 70032 |
| Smith, Sage | Danielle Smith | 7228 Royal St., Arabi Louisiana 70032 |
| Smith, Terri | | 8149 W. St. Bernard Hwy., Apt. 2203, Chalmette Louisiana 70043 |
| Smith, Tomaiesha | | 613 Community St., Arabi Louisiana 70032 |
| Smith, Tommie | | 613 Community St., Arabi Louisiana 70032 |
| Thompson, Michean | | 420 Dubarry Pl., Chalmette Louisiana 70043 |
| Thompson, Shawn | Michean Thompson | 420 Dubarry Pl., Chalmette Louisiana 70043 |
| Turner, Darrylnish | | 8149 W. St. Bernard Hwy., Apt. 3104, Chalmette Louisiana 70043 |
| Turner, Kerrion Marie | Darrylnish Turner | 8149 W. St. Bernard Hwy., Apt. 3104, Chalmette Louisiana 70043 |
| Turner, Lorell Marie | | 8149 W. St. Bernard Hwy., Apt. 3104, Chalmette Louisiana 70043 |
| Tyler, Elizabeth | | 3802 Richelieu Ct., Chalmette Louisiana 70043 |
| Tyler, Herriona | | 3802 Richelieu Ct., Chalmette Louisiana 70043 |
| Tyler, Harry | | 3802 Richelieu Ct., Chalmette Louisiana 70043 |

SEP 2 2 2021